RECEIVED IN
The Court of Appeals 2
Sixth District

JUL 2 3 2015

Texarkana, Texas
Debra K. Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

JUL 2 4 2015

Texarkana, Texas
Debra K. Autrey, Clerk
7-16-15

Clerk
Debra K. Autrey, Clerk

I received your letter RE: Appellate case number: 06-15-00097-CR, 06-15-00098-CR / Trial Court case number CF-14-1377, CF-14-1378 on 7-15-15. Your letter dated July 8, 2015 took 7 days to reach me and I'm sure will take even longer to leave the Unit. I can't control that and I apologize. I'm sending this letter to you today, 7-16-15, and will hold the envelope up to the camera before I put it in the mail box. Also, I will call home today and make it aware to my family exactly what I have written to you to prove this letter was sent as I'm telling you. I am also sending you a copy of the letter sent to Judge Danny Woodson showing I am in compliance with Rule 25.2 (2)(B) in which I asked permission to appeal. He granted this request because he sent me the forms which I filled out and then sent to you. I pray that you please grant my appeal and any other relief to which I am allowed including Appt. of counsel.

Thank you for your time,
Steven M. Schade

Memorandum of cases

1. US v Oliver 630 F3d 397 (2011): Plea agreements are contractual in nature and are to be construed accordingly. Also, US v Roberts 624 F3d 241.

2. Smith v State 23 SW 3d 601 (Tx app. Ct. Houston, 2000); Also RE: Swarthout 982 SW 2d 92. A plea of guilty in a plea bargained case is not an absolute waiver of the right to a direct appeal regardless of the declarations, or lack thereof, in the notice of appeal, and regardless of the trial courts denial of permission to appeal.

3. Rule 40(B)(1) - must obtain trial courts permission to appeal...

4. Mirror - Image Rule: doctrine that acceptance of a contractual offer must be positive, unconditional, unequivocal, and unambiguous.

5. Def whose plea contained a waiver of appeal may always avoid waiver in the limited grounds waiver was tainted by IAC. US v White 307 F3d 336; Also, Cantu v State 993 SW 2d 712.

6. Navarro v State 147 SW 2d 1081. An accused can appeal his case even though he entered a plea of guilty.

7. The plea process is akin to contract negotiations - Ex parte Williams 637 SW 2d 943 (1982); Moore v State 295 SW 3d 329 (2009); Ex parte Tovar 901 SW 2d 484 (1995); State v Wilson 324 SW 3d 595 (2010)

Judge Danny Woodson,                                    5-20-15

Your Honor I am requesting an appeal on Cause No. CF-14-1377 AND Cause No. CF-14-1378. I am claiming there was Ineffective Assistance of Counsel from Mr. Steven Lawrence Simmons Bar Code Number: 00795650 and my waiver of appeal was tainted by Ineffective Assistance Of Counsel. On two seperate occasions Mr. Simmons suggested that I should committ suicide. The night before I was sentenced in your court he came to my cell and during our conversation he suggested for the second time during counsel that I should kill myself. In the early hours of the next morning on March 17, 2014 I attempted suicide and was rushed to E.T.M.C. At 9:01 Am 3-17-2014 I was discharged and taken directly to your court room. I was still bleeding through my bandages when I was before you. Your Honor my Lawyer was negotiating in bad faith and I was not in the right state of mind because of my suicide attempt and also I was under the influence of narcotics, several mgs of Klonopin and also several hundred mgs of Neurontins. To enter into a contract in a criminal setting should not have been allowed by my Attorney that morning of 3-17-2014. On these allegations I am requesting an appeal.
    Thank you and God Bless,
            Steven Schade
            Steven Schade